IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RYAN PATRIC THOMAS, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 5:11-CV-94 (WLS) |
| CURTIS BILLUE, DONALD WILLIAIMS, CARTER KETCHUP, GEORGE BALL, MICHAEL MCCORD, ALFRED WEEMS, and WILBERT HARTSFIELD, | : |
| Defendants. | : |

**ORDER**

Before the Court is a Report and Recommendation ("R&R") from United States Magistrate Judge Charles H. Weigle, filed July 31, 2012. (Doc. 106). It is recommended that: (1) the Motions for Summary Judgment of Defendants Ball, Billue, and Weems (Docs. 79, 83, and 81) be denied; (2) that the Motions for Summary Judgment of Defendants Williams, Hartsfield, and Ketchup (Docs. 78, 85, and 86) be granted; and (3) that Defendant McCord's Motion to Dismiss (Doc. 84) be considered as part of his Motion for Summary Judgment (Doc. 82) and be granted. (Doc. 106 at 1). Plaintiff timely filed his Objection (Doc. 108), as did Defendant Billue (Doc. 109), Defendant Weems (Doc. 110), and Defendant Ball (Doc. 111). Defendants Ball, Billue, Ketchup, Weems, and Williams then filed a Joint Response to Plaintiff's Objection (Doc. 112) on August 27, 2012. Plaintiff filed a Response to Defendant Billue's Objection (Doc. 113) and a Response to Defendant Weems' Objection (Doc. 114) on September

1

4, 2012.[1] Pursuant to Title 28, United States Code, Section 636(b)(1), the Court now conducts a de novo review of the sections of the R&R to which objections have been made.

## BACKGROUND

Plaintiff filed his claim pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by using excessive force while removing him from his cell. Judge Weigle separated the circumstances of the case into two distinct stages: the extraction/restraint of Plaintiff from his cell, and the transport of Plaintiff to the medical unit. Judge Weigle found that insufficient evidence existed to indicate that Defendants used unreasonable force during the extraction stage. The undisputed evidence demonstrated that it was necessary to remove Plaintiff from the cell because Plaintiff had flooded the cell, Plaintiff was given several opportunities to submit voluntarily, and when the cell door was opened, Plaintiff attempted to charge past the officers. The officers acted within the context of a situation during which Plaintiff had escalated the conflict, damaged property, refused to submit voluntarily, and even after being pinned, continued to resist for at least forty-five seconds. The force used resulted in minor injuries, including bruising, swelling, and a minor cut. Accordingly, Judge Weigle found that the force used during the extraction was within the range of force reasonable officers might have considered necessary to preserve discipline necessary.

However, with regards to the second stage, the transport of the Plaintiff to the medical unit, Judge Weigle found that sufficient evidence existed to show that either Defendant Billue or

---

[1] Plaintiff filed an additional Response to Defendants' Joint Response to Plaintiff's Objection (Doc. 116), which the Court will interpret as a sur-reply. The Court did not provide Plaintiff permission to file a sur-reply, and as such, the sur-reply will not be considered. Even if the Court did consider the sur-reply, the su-reply simply reargues the same allegations Plaintiff made in his original Objection (Doc. 108) and contains no new evidence for the Court's review. As such, Plaintiff's Response (Doc. 116) will not be considered by the Court.
By the same token, the Court will also not consider Defendant Weems' Response to Plaintiff's Reply (Doc. 115), which the Court also interprets as a sur-reply. The Court did not provide Defendant Weems permission to file a sur-reply, and as such, Defendant Weems' sur-reply will not be considered. Even if the Court did consider the sur-reply, it contains no new arguments or evidence for the Court's consideration and review. As such, Defendant Weems's Response (Doc. 115) will not be considered by the Court.

2

Weems or both rammed Plaintiff's head into four doors following his restraint. Based on the video camera footage, Judge Weigle found that Plaintiff's head was pushed into each of the four doors that Plaintiff and Defendants passed on the way to the medical unit. While the impact was not significant on the first door, but on two of the remaining doors, a thump was heard and Plaintiff responded with either a grunt or yelp of pain. Judge Weigle also found that genuine issues of material fact existed as to whether Defendant Ball failed to intervene to protect Plaintiff from the actions of Defendants Billue and Weems. Judge Weigle found that because Defendant Ball was following closely behind Defendants Billue and Weems, a reasonable jury could conclude that by the second occurrence of Defendants ramming Plaintiff's head into a door, Defendant Ball would be aware of the malicious and sadistic activity and prevented any further incidents.

## I.     Plaintiff's Objection (Doc. 108):

Plaintiff first objects to Judge Weigle's recommendation that the Court grant the Motions for Summary Judgment of Defendants Williams and Ketchup. (Doc. 108 at 1). Plaintiff asserts that during the extraction stage, Defendant Williams struck Plaintiff in the face and hammered his shield into Plaintiff's face after Plaintiff had been subdued (but before restraints had been placed on Plaintiff's arms and legs), and that Defendant Ketchup punched Plaintiff in the body after Plaintiff had been subdued but before restraints had been placed on Plaintiff's arms and legs. (*Id.* at 1). Plaintiff also states that he is entitled to a spoliation instruction or an inference that the lost video footage recorded by Defendant McCord contained evidence unfavorable to Defendants, and that Nurse Goodrum's testimony should be stricken because it is contradicted by the video evidence. (*Id.* at 2).

3

In Defendants' Joint Response to Plaintiff's Objection, Defendants assert that, as Judge Weigle found, Plaintiff's behavior clearly led to the use of force, as he refused to voluntarily restrain himself, had flooded his cell, and charged at the officers when the cell door opened, leading the Defendants to use force to restrain him. (Doc. 112 at 3). Defendants state that even if Plaintiff's assertions as made in his Objection are true, prison officials are to be afforded a wide range of deference in their actions to preserve security and discipline, and Defendants Williams and Ketchup's actions fall under that range of deference. (*Id.*) Defendants also assert that Plaintiff's minor injuries demonstrate that excessive force was not used. (*Id.*) Defendants also argue that there was no evidence of bad faith in the loss of Defendant McCord's tape, preventing an adverse inference or spoliation instruction. (*Id.* at 5). Defendants also assert that Plaintiff's assertion regarding Nurse Goodrum is unfounded and should be rejected. (*Id.* at 6).

Plaintiff's Objection regarding Defendants Williams and Ketchup re-allege the same arguments raised in his previous pleadings. Viewing the facts in the light most favorable to Plaintiff and after review of the record, the Court agrees with Judge Weigle's conclusion that the use of force was within the rage that reasonable officers might have considered necessary to preserve discipline and security. While Judge Weigle notes that "some of these actions may seem in retrospect to have been more than was strictly necessary," the Supreme Court has stated that "[t]he infliction of pain in the course of a prison security measure…does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." Whitley v. Albers, 475 U.S. 312, 319 (1986). Plaintiff's Objection neither illuminates an error in the factual findings made by Judge Weigle nor dispels the fact that the use of force occurred in the context of a struggle with a non-compliant and antagonistic prisoner. Thus, no

4

genuine issue of material facts exists sufficient to preclude summary judgment for Defendants Williams and Ketchup, and Plaintiff's Objections regarding the same are **OVERRULED**.

Judge Weigle states in his R&R that "[a]lthough there appears to be no direct evidence of bad faith…in the loss of McCord's footage, Plaintiff could be entitled to a spoliation violation or an inference that the video contained evidence unfavorable to the Defendants…[f]or purposes of this Recommendation, it is presumed that McCord's video would have been consistent with Plaintiff's testimony." (Doc. 106 at 7). Although Plaintiff asserts that he is entitled to a spoliation violation or adverse inference, Judge Weigle's R&R correctly does not provide one to Plaintiff. "An adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith." *See* Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir. 1997). While the Eleventh Circuit does not require a showing of malice to find bad faith, mere negligence in losing or destroying records is not sufficient to draw an adverse inference. *Id.* Plaintiff presents no evidence that Defendants acted in bad faith; accordingly, Plaintiff is not entitled to a spoliation violation or adverse inference. Plaintiff's objections regarding the lost video evidence are thus **OVERRULED.**

Plaintiff's Objection to the inclusion of Nurse Goodrum's testimony also fails because Judge Weigle did not rely on her report at all in determining injuries. Indeed, rather than accepting Nurse Goodrum's examination form, which states that no injuries occurred, Judge Weigle found that the use of force resulted in bruising, swelling, and a minor cut. (Doc. 106 at 15). Plaintiff's objections to Judge Weigle's findings regarding Nurse Goodrum are thus **OVERRULED** as immaterial and irrelevant.

For the foregoing reasons, the objections set forth in Plaintiff's Objection (Doc. 108) are **OVERRULED**. To the extent that Plaintiff's Objection (Doc. 108) fails to address

5

recommendations made in Judge Weigle's Recommendation (Doc. 106), the Court finds that any objections not made thereto are **WAIVED**.

## II.     Defendant Billue's Objection (Doc. 109):

Defendant Billue makes three objections to Magistrate Weigle's Recommendation, all of them related to the circumstances surrounding Plaintiff's transport to the medical unit. First, Defendant Billue asserts that Plaintiff's contact with the first two doors is insignificant and unaccompanied by screams or groans of pain. (Doc. 109 at 4). He also states that because the video does not show Plaintiff's head or face when he passes through the last two doors but only records the sound of a thump, scream, or groan, there is no evidence sufficient to establish an excessive force claim. (*Id.* at 5-7). Defendant's second objection argues that the lack of significant injury to Plaintiff and his admission that he was not injured demonstrates that any force used did not rise to the level of an Eighth Amendment claim. (*Id.* at 8-11). Finally, Defendant Billue argues that the letter of reprimand referenced in the R&R constitutes inadmissible hearsay and should not be considered in connection with the Motion for Summary Judgment.[2] (*Id.* at 11).

Plaintiff's Response to Defendant Billue's Objection (Doc. 113) contests Defendant Billue's characterization of the evidence. Plaintiff asserts that the video evidence demonstrates that Defendant Billue intentionally and forcefully rammed Plaintiff's head and face into each of the four doors despite the fact that Plaintiff was completely restrained. (*Id.* at 1). Plaintiff also asserts that while he did say he was not injured, he did so out of fear of retribution. (*Id.*) Plaintiff states that the medical staff who examined him refused to document his injuries, and that a significant injury is not necessary to establish an excessive force claim. (*Id.* at 1-2).

---

[2] Defendant Billue also argues that the Court should not grant Plaintiff a spoliation instruction or adverse inference in connection with the lost video. This argument is moot as the Court addressed it when discussing Plaintiff's Objection.

6

Finally, Plaintiff argues that the letter of reprimand is not hearsay and should be considered evidence.  (*Id.* at 2).

Viewing the facts in the light most favorable to Plaintiff and after review of the record, the Court agrees with Judge Weigle's recommendation that evidence exists to show that Defendant Billue rammed Plaintiff's head and body in four different doors after he was subdued, and that a reasonable jury could conclude that these actions were sadistic and malicious and for the sole purpose of inflicting pain.  The combination of: (1) video evidence clearly showing Defendant Billue shoving Defendant's face into at least one door while Defendant is fully restrained; (2) the thumps and groans of pain that accompany Plaintiff's passage through the last two doors; and (3) Plaintiff's testimony that Defendant Billue rammed Plaintiff's head into each door are sufficient to defeat Defendant Billue's claim that no genuine issue of material fact exists as to whether he used force maliciously and sadistically against Plaintiff.  *See* Skritich v. Thornton, 280 F.3d 1295, 1299-1300 (11th Cir. 2002) (officer's beating of prisoner after prisoner was incapacitated constituted an Eighth Amendment violation); Bozeman v. Orum, 422 F.3d 1265, 1271-72 (11th Cir. 2005) (officers acted maliciously and sadistically by forcing prisoner's head into a mattress after prisoner had been subdued); Galvez v. Bruce, 552 F.3d 1238, 1243 (11th Cir. 2008) (holding jury could find excessive force where police slammed subject into concrete structure several times even though subject was already handcuffed and offered no physical resistance); Lee v. Ferraro, 284 F.3d 1188, 1198 (11th Cir.2002) (holding police used excessive force in slamming suspect's head down on trunk of car where suspect was already secured in handcuffs and not attempting to flee or resist); Slicker v. Jackson, 215 F.3d 1225, 1233 (11th Cir.2000) (holding police used excessive force in severely beating handcuffed individual who did not resist, struggle or attempt to flee).  Accepting Defendant Billue's account

of the events would require the Court to improperly weigh the witnesses' credibility, a violation of the Court's duty to weigh the evidence in the light most favorable to the Plaintiff and to draw all reasonable inferences from the facts in Plaintiff's favor. *See* Hall v. Bennett, 447 Fed. Appx. 921, 924 (11th Cir. 2011). Defendant Billue's objection regarding the sufficiency of the evidence relied upon by Judge Weigle to deny Defendant Billue's Motion for Summary Judgment is **OVERRULED.**

With respect to Defendant Billue's second objection regarding the alleged overall lack of severity of Plaintiff's injuries, the Court reminds Defendant that the "'core judicial inquiry'" is "not whether a certain quantum of injury was sustained," but whether the force was used "'in a good-faith effort to maintain or restore discipline.'" Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)). Conversely, "contemporary standards of decency" are always violated if a prison official maliciously and sadistically uses force to cause harm, regardless of whether significant injury occurs. *Id.* (internal marks omitted) (reversing a district court's decision that an allegation of purportedly *de minimis* injuries did not state an Eighth Amendment claim and emphasizing that the decisive inquiry is the nature of the force). The Court agrees with Judge Weigle's Recommendation that sufficient evidence exists for a jury to find that Defendant Billue used excessive force when he intentionally rammed Plaintiff's head into four different doors after he was subdued. Moreover, as Judge Weigle noted, the video evidence clearly shows some evidence of injury, specifically, bruises, swelling, welts, and a cut. Accordingly, Plaintiff's objection regarding the alleged overall lack of serious injuries is **OVERRULED**.

Finally, Defendant Billue argues that "to the extent" the letter of reprimand affected Judge Weigle's decision to deny Defendant Billue's Motion for Summary Judgment, it is

inadmissible hearsay and should not be considered. (Doc. 109 at 11). Judge Weigle specifically notes that the reprimand was based on the internal policies of GDCP and not the Eighth Amendment, and as such, could not answer the question of whether excessive force was used. Moreover, Judge Weigle only referenced the letter in regards to cell extraction stage, not the transport stage of the events, thus further removing the letter from the denial of Defendant Billue's Motion for Summary Judgment. Accordingly, Defendant Billue's objections regarding the inclusion of the letter are **OVERRULED** as immaterial and irrelevant to the stage of activity discussed here.

For the foregoing reasons, the objections set forth in Defendant Billue's Objection (Doc. 109) are **OVERRULED**.

### III. Defendant Weems' Objection (Doc. 110):

Defendant Weems asserts that Plaintiff's testimony that "Officer Weems didn't do it [ram Plaintiff's head into a door]," combined with Plaintiff's failure to allege Defendant Weems ever used excessive force and Plaintiff's admission that "Alfred Weems did not physically harm me" negate the existence of a genuine issue of material fact as to whether Defendant Weems used excessive force in violation of the Eighth Amendment. (Doc. 110 at 3-5). In Plaintiff's Response, Plaintiff admits that he did say that "Weems did not physically harm me," but also contends that after viewing the video, especially the extraction stage, he "cannot clearly say Defendant Weems did not ram" Plaintiff's face into the doors with Defendant Billue. (Doc. 114 at 1). The remainder of Plaintiff's Response focuses on Defendant Weems' alleged actions during the extraction stage. (*Id.* at 2). Plaintiff presents no additional evidence regarding Defendant Weems' actions during the transport stage of the events.

9

Viewing the facts in the light most favorable to Plaintiff and after review of the record, the Court does not agree with the R&R's finding that the evidence indicates Defendant Weems rammed Plaintiff's head into the four doors. As Defendant Weems noted, no claim against him alleging use of excessive force was ever made by Plaintiff. (*See* Doc. 1). However, Defendant Weems is implicated in the R&R because the video evidence does not show who specifically rammed Plaintiff's head and body into the last two doors. (Doc. 106 at 14). While the evidence and testimony clearly demonstrate that Defendant Billue shoved Plaintiff's head into at least one door while transporting Plaintiff to the medical unit, the same video evidence, viewed in light of Plaintiff's testimony, provides no such clarity to support a claim that Defendant Weems partook in the same actions. Moreover, Plaintiff's own testimony establishes that Defendant Weems did not ram Plaintiff's head into the doors, and Plaintiff does not offer evidence to support his sudden doubt in his testimony. The party opposing the granting of a motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the Court that there are material facts present in the case that must be presented to a jury for resolution. *See* Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984). A mere scintilla of evidence in support of the non-movant is insufficient to defeat a motion for summary judgment, and here, even that shred is not established. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Accordingly, the Court finds that the evidence, viewed in the light most favorable to Plaintiff, fails to establish that Defendant Weems used excessive force in transporting Plaintiff to the medical unit. Defendant Weems' Objection regarding the use of excessive force is **SUSTAINED**, and Defendant Weems' Motion for Summary Judgment (Doc. 81) is **GRANTED**. The Court does not adopt Judge Weigle's July

10

31, 2012 Report and Recommendation only as to the portion recommending denial of Defendant Weems' Motion for Summary Judgment (Doc. 106).[3]

## IV. **Defendant Ball's Objection (Doc. 111):**

Judge Weigle found that a genuine issue of material fact existed as to Plaintiff's claim that Defendant Ball, as the supervising officer, failed to intervene to protect Plaintiff from the actions of the subordinate officers. Judge Weigle found that a jury could conclude from Defendant Ball's close proximity to the officers as they transported Plaintiff to the medical unit that he would have been aware of the officers' alleged treatment of Plaintiff and could easily have stopped it. (Doc. 106 at 17). Defendant Ball's primary argument is that he did not have the opportunity to intervene, and thus cannot be held liable for failure to prevent the actions of the officers under his command. (Doc. 111 at 9). Defendant Ball first relies on the alleged insignificance of two of the four contacts, stating he was occupied with his supervisory duties and that "there is simply nothing about the alleged contact with the second door that would have required Sergeant Ball to intervene, i.e., the contact, if any, was insignificant." (*Id.* at 10). Defendant Ball then turns to the video evidence to explain his inactivity at the last two doors, stating that the video does not establish significant force was applied, and that even if it was applied, the video shows he was far behind Plaintiff with no view of the impacts. (*Id.* at 10, 11).

As the Court discussed above, a genuine issue of material fact exists as to whether excessive force was used by Defendant Billue against Plaintiff through each of the four doors. The remaining question is whether a jury could make the inference that Defendant Ball was in a position to intervene. Defendant Ball predicates his inability to interfere on the distance

---

[3] Defendant Weems objects on three other grounds: (1) that Plaintiff did not suffer injuries sufficient to establish excessive force was used; (2) that the letter of reprimand was inadmissible hearsay; and (3) that Plaintiff was not entitled to a spoliation instruction or adverse reference. Just as the Court overruled these objections when presented in Defendant Billue's Objection, the Court does so here.

11

separating him from Plaintiff, which he alleges prevented him from witnessing, anticipating, or intervening in the alleged use of excessive force. In evaluating this claim, the Court must, as always, view the facts in the light most favorable to Plaintiff. After a careful review of the record, the Court finds that Defendant Ball's argument is not clearly supported by the facts. As the supervisory officer, Defendant Ball is seen in the video record repeatedly following closely behind the party as it moves through the successive doors. Each door required the party to stop, unlock the door, open the door, and then proceed, giving Defendant Ball ample opportunity to move closer to the party, as the video shows he did. In a portion of the video, he is directly next to or behind the camera, while another section shows him directly behind the party. The video evidence also shows Defendant Ball directly behind the officers surrounding Plaintiff when Defendant Billue shoved Plaintiff's face into the first door. The Court agrees with Judge Weigle that Defendant Ball may not have been able to anticipate and intervene in that initial, unexpected act. The video also shows Plaintiff's head pressed against the final two doors, as well as documenting the thumps followed by the groans of Plaintiff as the party passes through successive doors and the officer's order to "stop resisting" at the last door, an order Defendant Ball responded to by telling the officers to "let him walk." In that response, Defendant Ball demonstrates his awareness of the actions of both the officers and of Plaintiff. A jury could find that Defendant Ball's closeness to the party, as documented by the video evidence, would allow him to be well aware of the thumps and groans of the prisoner, see the Plaintiff pushed against the door and groaning, and in light of Defendant Billue's earlier action and Defendant Ball's position as the supervising officer, intervene. *Cf.* Hadley v. Gutierrez, 526 F.3d 1324, 1331 (11th Cir. 2008) (no reasonable jury could find that defendant could have anticipated and stopped co-defendant from punching plaintiff once in the stomach). Accordingly, Defendant

12

Ball's Objection (Doc. 111) is **OVERRULED** and Defendant Ball's Motion for Summary Judgment (Doc. 79) is **DENIED**.[4]

## CONCLUSION

For the foregoing reasons, the objections set forth in Plaintiff's Objection (Doc. 108), Defendant Billue's Objection (Doc. 109), and Defendant Ball's Objection (Doc. 111) are **OVERRULED**. The objection set forth regarding use of excessive force in Defendant Weems' Objection (Doc. 110) is **SUSTAINED**; all other objections set forth in Defendant Weems' Objection (Doc. 110) are **OVERRULED**. The Court does not adopt United States Magistrate Judge Weigle's July 31, 2012 Report and Recommendation (Doc. 106) as to Defendant Weems' Motion for Summary Judgment. However, with regards to all other claims and Defendants, United States Magistrate Judge Weigle's July 31, 2012 Report and Recommendation (Doc. 106) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, the Motions for Summary Judgment of Defendants Ball and Billue (Docs. 79, 83) are **DENIED**; the Motions for Summary Judgment of Defendant Weems, Williams, Hartsfeld, and Ketchup (Doc. 81, 78, 85, and 86) are **GRANTED**; and Defendant McCord's Motion to Dismiss (Doc. 84), considered as part of his Motion for Summary Judgment (Doc. 82), are both **GRANTED**. Plaintiff's Eighth Amendment claims against Defendants Billue and Ball remain.

---

[4] Defendant Ball objects on four other grounds: (1) that no genuine issue of material fact exists as to whether Defendant Billue and Weems used excessive force while transporting Plaintiff to the medical unit; (2) that Plaintiff did not suffer injuries sufficient to establish excessive force was used; (3) that the letter of reprimand was inadmissible hearsay; and (4) that Plaintiff was not entitled to a spoliation instruction or adverse reference. Just as the Court overruled these objections when presented in Defendant Billue's Objection and Defendant Weems' Objection, the Court does so here for the same reasons and on the same grounds.

The above-captioned case will be noticed for trial during the Court's next regular trial term.

**SO ORDERED**, this  17th  day of September, 2012.

                                           /s/ W. Louis Sands
                                           **THE HONORABLE W. LOUIS SANDS,**
                                           **UNITED STATES DISTRICT COURT**